**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

LILLIE MAE WILLIAMS,

                                        Plaintiff,

        v.                                                    1:20-CV-0079
                                                              (LEK/CFH)

IMMIGRATION AND NATIONALIZATION, Organization,
Albany, New York, IMMIGRATION AND
NATIONALIZATION, Organization, Syracuse, New
York, IMMIGRATION AND NATIONALIZATION, Contain
Becoming Citizens of U.S.,

                                        Defendants.

**APPEARANCES:**

Lillie Mae Williams
PO Box 6964 (Fort Orange Station)
Albany, NY 12206
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION & ORDER

        Plaintiff pro se Lillie Mae Williams attempted to commence this action on January

21, 2020 with the filing of a complaint.  See Dkt. No. 1.  By Order dated January 22,

2020, the Court advised plaintiff that the action had not been properly commenced due

to her failure to either pay the filling fee or file an application for leave to proceed in

forma pauperis ("IFP").  See Dkt. No. 2.  The matter was reopened on June 22, 2020

when plaintiff filed an application for leave to proceed IFP, as well as a motion to

appoint counsel.  See Dkt. Nos. 6-8.  After reviewing plaintiff's application, see Dkt. No.

6, the Court finds that she may properly proceed in this matter IFP.[1]  The undersigned must now assess plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) and determine whether the appointment of counsel is appropriate.

## I.  Initial Review

### A.  Legal Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that  . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  As a result, it is the responsibility of the district court to determine whether a plaintiff may properly maintain his or her complaint before permitting him or her to proceed with the action.

To state a claim on which relief can be granted, a complaint must contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8 (a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

> (1)    a short and plain statement of the grounds for the
>        court's  jurisdiction . . .;

---

[1]  Plaintiff is advised that, despite being granted IFP status for purposes of filing, she is financially responsible for all costs and fees associated with litigating this matter, including witness fees and copying costs.  See N.D.N.Y. L.R. 5.4(a).

> (2)    a short and plain statement of the claim showing that
>         the pleader is entitled to relief; and
> (3)    a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  Id. at 8(d).

In addition, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered
> paragraphs, each limited as far as practicable to a single set
> of circumstances.  A later pleading may refer by number to a
> paragraph in an earlier pleading.  If doing so would promote
> clarity, each claim founded on a separate transaction or
> occurrence – and each defense other than a denial – must
> be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]"  Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

In deciding whether a complaint states a colorable claim, a court must extend a measure of deference to pro se litigants, see Nance v. Kelly, 912 F.2d 605, 606 (2d Cir.1990) (per curiam), also referred to as "special solicitude."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).  However, the court also has an obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed.  See, e.g., Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000).  A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims."  Gonzales v. Wing, 167 F.R.D. 352, 355

(N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).  In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff an opportunity amend the complaint as long as there is a possibility that an amendment would be able to cure the identified defects. See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

### B.  Plaintiff's Complaint

Plaintiff's complaint—which has been drafted utilizing court forms typically applicable to actions arising under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5 et seq.—is not the model of clarity.  See Dkt. No. 1.  It appears that the genesis of her complaint is the theft of U.S. Savings Bonds from her safe deposit box and which resulted in the theft of her identity.[2]  See

---

[2]  This action is one of several actions commenced by plaintiff in this court and others and which appears to have overlapping—though not necessarily identical—allegations.  See, e.g. Williams v. U.S. Dep't of

generally id.  Plaintiff alleges that her social security number and professional licenses have been "used in fraud and criminal organizations[.]"  Id. at 2.  Plaintiff also alleges that defendants—several New York-based field offices of the U.S. Citizenship and Immigration Services, an agency of the U.S. Department of Homeland Security and which administers our country's naturalization and immigration system—have permitted illegal immigrants to utilize her social security number and professional licenses to her and her family's detriment.  See id. at 2-3.

As relief, plaintiff seeks to have defendants refrain from using her social security number and professional licenses.  See Dkt. No. 1 at 4.  In addition, plaintiff seeks the "deport[ation] of illegal immigrants."  Id. at 9.

### C.  Sufficiency of Plaintiff's Complaint[3]

An action against a federal agency is treated as a suit against the United States. See Kentucky v. Graham, 473 U.S. 159, 166 (1985).  As a general rule, the doctrine of sovereign immunity "shields the [United States] and its agencies from suit[.]"  F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) (citing Loeffler v. Frank, 486 U.S. 549, 554 (1988); Fed. Hous. Admin. v. Burr, 309 U.S. 242, 244 (1940)).  The United States and its agencies can only be sued with their consent and under whatever terms Congress may

---

Housing and Urban Development, Civil Action No. 2:20-CV-1808 (BRM/JAD) (D.N.J., filed 2/19/2020); Williams v. State of New York Governor, et al., Civil Action No. 3:17-CV-04534 (BRM/DEA) (D.N.J., filed 6/20/2017); Williams v. U.S. Dep't of Treasury, Civil Action No. 3:14-CV-00107 (GMG/RWT) (N.D.W. Va., filed 10/01/2014); Williams v. Internal Revenue Service, 1:11-CV-00438 (MAD/DRH) (N.D.N.Y., filed 4/18/2011); Williams v. United States, Civil Action No. 1:04-CV-00860 (MAD/DRH) (N.D.N.Y., filed 7/21/2004).

[3] Copies of all unreported decisions cited in this document have been appended for the convenience of the pro se plaintiff.

impose.  See United States v. Sherwood, 312 U.S. 584 (1941); Adeleke v. United States, 355 F.3d 144, 150 (2d Cir. 2004); see Smith v. Brown, 296 F. Supp. 3d 648, 660 (S.D.N.Y. 2017) ("Under the Constitution, the United States Government possesses absolute immunity from suit in its courts without its consent 'and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'").  As a result, without an express waiver of sovereign immunity, federal court is divested of subject matter jurisdiction over a plaintiff's claims against the United States or its agencies.  See Meyer, 510 U.S. at 475.  Importantly, plaintiff bears the burden of demonstrating that sovereign immunity has been waived.  See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

In this case, the precise nature of plaintiff's claims is unclear.  See Dkt. No. 1. Those claims that are asserted, however, are asserted against the U.S. Citizenship and Immigration Services, which is a federal agency within the Department of Homeland Security that oversees lawful immigration to the United States.  Plaintiff's complaint does not contain any allegations that U.S. Citizenship and Immigration Services waived sovereign immunity and, indeed, the Court is not aware of any waiver that would apply to the agency.  See Konstantin v. U.S. Dep't of Homeland Sec., No. 09-CV-3528 (DLI), 2009 WL 2882805, at *1 (E.D.N.Y. Sept. 2, 2009) ("Therefore, because the U.S. Department of Homeland Security Immigration and Customs Enforcement is an agency of the United States, it is immune from suit.").  As a result, plaintiff's claims are plainly barred by the doctrine of sovereign immunity.  See, e.g., Toma v. Dep't of Homeland Sec., No. 15-CV-6047 (ARR/RER), 2015 WL 6550879, at *2 (E.D.N.Y. Oct. 28, 2015) ("[S]uits against federal agencies such as the Department of Homeland Security . . . are

6

barred under the doctrine of sovereign immunity."); Rishar v. U.S. Gov't, No. 2:15-MC-68, 2015 WL 5642918, at *2 (D. Vt. Sept. 23, 2015); Zynger v. Dep't of Homeland Sec., 615 F. Supp. 2d 50, 56 (E.D.N.Y. 2009), aff'd, 370 F. App'x 253 (2d Cir. 2010).  The undersigned therefore recommends that the complaint be dismissed.[4]

The Court must also determine whether that recommendation is with or without prejudice.  When addressing a pro se complaint, a district court generally "should not [be] dismiss[ed] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted).  However, the court is not required to grant leave to amend when doing so would be futile.  See Cuoco v. Mortisugu, 222 F.3d 99, 112 (2d Cir. 2000). In this case, because "[t]he problem[s] with [plaintiff's] causes of action [are] substantive[,] better pleading will not cure [them,]" and any attempt to amend would, therefore, be futile.  Id.; see, e.g., Mahmood v. United States Gov't, No. 1:20-CV-207 (MAD/DJS), 2020 WL 3965125, at *2 (N.D.N.Y. Mar. 17, 2020) ("As such, his claims against the United States should be dismissed with prejudice."), report and recommendation adopted sub nom. Mahmood v. United States, No. 1:20-CV-207 (MAD/DJS), 2020 WL 1808206 (N.D.N.Y. Apr. 9, 2020); Praileau v. United States, No. 1:18-CV-1196 (MAD/DJS), 2018 WL

---

[4] The undersigned notes that the Federal Tort Claims Act ("FTCA") does provide a limited waiver of immunity for tort claims, but strict exhaustion requirements apply  Hill v. United States, No. 14-CV-520 (MKB/JO), 2019 WL 5694016, at *5 (E.D.N.Y. Aug. 6, 2019).  "The burden is on the plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements." In re Agent Orange Prod. Liab. Litig., 818 F.2d 210, 214 (2d Cir. 1987) (emphasis added).  The complaint neither mentions the FTCA nor alleges compliance with it. See Dkt. No. 1.  "Accordingly, even if a plaintiff's complaint could be liberally construed as stating a tort claim under the FTCA, "'the court does not have subject matter jurisdiction over' the FTCA claim if [the] 'plaintiff has neither pleaded that he filed an administrative claim within two years of the incident giving rise to the action, nor that he exhausted an administrative tort claim prior to initiating the instant action.'" Moore v. Samuel S. Stratton Veterans Admin. Hosp., No. 1:16-CV-475 (LEK/CFH), 2019 WL 251725, at *3 (N.D.N.Y. Jan. 17, 2019)

5811426, at *3 (N.D.N.Y. Nov. 6, 2018) (recommending the dismissal of claims against the United States and its agencies with prejudice because such claims were barred by sovereign immunity), report and recommendation adopted, No. 1:18-CV-1196 (MAD/DJS), 2019 WL 422528 (N.D.N.Y. Feb. 4, 2019); Moore v. Samuel S. Stratten Veterans Admin. Hosp., No. 1:16-CV-0475 (LEK/CFH), 2016 WL 3659909, at *1 (N.D.N.Y. June 30, 2016) (dismissing claims against agency of the United States with prejudice and without leave to amend).  Accordingly, the undersigned recommends that plaintiff's complaint be dismissed with prejudice and without the opportunity to amend.

## II.  Appointment of Counsel

### A.  Legal Standard and Application

Plaintiff has also submitted to the Court a request for appointment of counsel, indicating that her efforts to obtain counsel on her own from the private sector have not been successful.  See Dkt. No. 7.  "A party has no constitutionally guaranteed right to the assistance of counsel in a civil case."  Leftridge v. Connecticut State Trooper Officer No. 1283, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted).  Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party.  See Hendricks v. Coughlin, 114 F.3d 390, 392-93 (2d Cir. 1997).  Instead, a number of factors must be carefully considered by the court in ruling upon such a motion.  As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance.  See Leftridge, 640 F.3d at 69.  A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's

"chances of success are highly dubious." Id. If the court finds that the claims have

substance, the court should then consider:

> [T]he indigent's ability to investigate the crucial facts,
> whether conflicting evidence implicating the need for cross-
> examination will be the major proof presented to the fact
> finder, the indigent's ability to present the case, the
> complexity of the legal issues and any special reason in th[e]
> case why appointment of counsel would be more likely to
> lead to a just determination.

Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting Hodge

v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986)). This is not to say that all, or

indeed any, of these factors are controlling in a particular case. Rather, each case must

be decided on its own facts. See Velasquez v. O'Keefe, 899 F. Supp. 972, 974

(N.D.N.Y. 1995) (citing Hodge, 802 F.2d at 61).

In the present matter, the Court has recommended dismissal of the action.

Given that plaintiff has failed to make a threshold showing of merit, and her chances of

success are highly dubious, plaintiff's motion for the appointment of counsel is denied.


### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's motion for leave to proceed IFP (Dkt. No. 6) is

**GRANTED**; and it is

**ORDERED**, that plaintiff's motion for the appointment of counsel (Dkt. No. 7) is

**DENIED** without prejudice; and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED** with

prejudice; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation."  N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**

Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).[2]

Dated: September  25, 2020
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[2]  If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(C).